Argued and submitted June 11, affirmed July 15, 1998

CENTRAL SCHOOL DISTRICT 13J,
*Petitioner,*

*v.*

CENTRAL EDUCATION ASSOCIATION
and Alfonso Vilches,
*Respondents.*

(UP-74-95; CA A96227)

962 P2d 763

Nancy J. Hungerford argued the cause for petitioner. With her on the brief were Andrea L. Hungerford and Bischof & Hungerford.

James S. Coon argued the cause for respondents. With him on the brief was Swanson, Thomas & Coon.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Petitioner Central School District 13J (District) petitions for judicial review of an order of the Employment Relations Board (ERB) finding that District had committed an unfair labor practice. Under the contract between District and respondent Central Education Association, a teacher has a right to a representative of his or her choice at a meeting that could have disciplinary consequences. ERB held that asserting the contractual right was a protected activity under ORS 243.662 and that respondent Vilches, a probationary teacher, had been discharged for asserting that right.

■ Petitioner contends that, in so holding, ERB erroneously expanded the status of protected activity under the Public Employees Collective Bargaining Act to include "concerted activity," which is activity of an employee seeking to enforce his or her own rights under a union contract.[1] Under ORS 243.662, an employee has the right to "participate in the activities of a labor organization * * * for the purpose of representation and collective bargaining[.]" That phrase refers to a broad range of rights, and the legislature has delegated to ERB the authority to determine the range of activities within that phrase. See *Springfield Education Assn. v. School Dist.*, 290 Or 217, 228, 621 P2d 547 (1980). ERB acted within its authority when it concluded that "concerted activity" was

---

[1] In so holding, ERB adopted and applied the "*Interboro*" doctrine, which takes its name from *Interboro Contractors, Inc.*, 61 LRRM 1537 (1966), *enforced* 388 F2d 495 (2d Cir 1967). The doctrine states that an employee seeking to enforce his or her own rights under a union contract is engaged in "concerted activities" protected under the NLRA. ERB referred by name to the *Interboro* doctrine and explained that it

"is based on the dual premises that (1) attempting to enforce a contract right affects the rights of everyone under the contract and that (2) asserting a contract right is merely an extension of the concerted activity—collective bargaining—that created the contract."

ERB explained its application of the doctrine:

"There is perhaps no more fundamental role of a labor organization than bargaining a contract concerning employment relations matters. It is well-settled that the collective bargaining process includes the administration of the agreement. In asserting his contractual right to a representative of choice, Vilches was participating 'in the activities of [the Association] * * * for the purpose of representation and collective bargaining * * *.' His actions were thus protected."

within the protection of ORS 243.662. Contrary to petitioner's assertion, ERB's findings also are supported by substantial evidence.

Affirmed.